**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**JOSE QUEZADA,**

                                **Plaintiff,**

        v.                                              **9:13-CV-0885
(MAD/TWD)**

**BRIAN FISCHER, et al.,**

                                **Defendants.**

---

**APPEARANCES:**

**JOSE QUEZADA
04-A-3690**
Plaintiff, *pro se*
Five Points Correctional Facility
Caller Box 119
Romulus, New York 14541

**MAE A. D'AGOSTINO
United States District Judge**

## DECISION and ORDER

### I. BACKGROUND

Plaintiff Jose Quezada commenced this *pro se* action in the United States District Court for the Southern District of New York ("Southern District") on May 7, 2013, by filing a complaint and application to proceed *in forma pauperis*. Dkt. No. 1 ("IFP Application"), Dkt. No. 3. The complaint alleged that Defendants violated Plaintiff's constitutional and statutory rights at Green Haven Correctional Facility ("Green Haven C.F."), Shawangunk Correctional Facility ("Shawangunk C. F."), Upstate Correctional Facility ("Upstate C.F."), and Clinton Correctional Facility ("Clinton C.F."). *See generally* Dkt. No. 3. By Order filed May 31, 2013, United States District Judge Loretta A. Preska of

the Southern District granted Plaintiff's IFP Application. Dkt. No. 7.

On June 28, 2013, after initial screening of the complaint under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A, United States District Judge Colleen McMahon of the Southern District accepted the complaint for filing, and directed the Clerk of the Southern District to issue summonses for service upon Defendants. Dkt. No. 13. Judge McMahon noted that the complaint included three John/Jane Doe defendants and therefore directed the New York State Attorney General, as the attorney for the New York State Department of Corrections and Community Supervision ("DOCCS"), to assist Plaintiff in identifying the Doe Defendants. *Id.* at 2. Plaintiff was directed to file an amended complaint within thirty days of receiving the identities of the Doe Defendants from the Attorney General. *Id.* Also on August 28, 2013, District Judge McMahon issued an Order to Show Cause wherein she noted that "'in the interest of justice,' the Court is inclined to transfer at least part of this action to the United States District Court for the Northern District of New York pursuant to 28 U.S.C. § 1404(a)" because although some of the claims arose at Green Haven C.F. in the Southern District, other claims arose at Shawangunk C.F., Clinton C.F., and Upstate C.F. in the Northern District. Dkt. No. 12 (the "June 28, 2013 Order to Show Cause") at 2. Judge McMahon directed Plaintiff "to serve a copy of [the June 28, 2013 Order to Show Cause] on each identified Defendant with the summons and complaint" and stated that "[i]f no party responds to [the June 28, 2013 Order to Show Cause] within thirty days after service of the summons and complaint upon at least one Defendant, [Judge McMahon would] transfer at least part of this action" to the Northern District. *Id.* However, before any Defendant responded to the June 28, 2013 Order to Show Cause, Judge McMahon issued an endorsed Order on July 22, 2013, stating:

> [t]his case has been filed in the wrong district. Plaintiff complains of
> prison conditions at Clinton Correctional Facility, which is located in the

2

> Northern District of New York. Rather than wait for the inevitable motion to be filed, I hereby transfer this case to the U.S. District Court for the Northern District of New York where it should have been filed.

Dkt. No. 15 (the "Southern District Transfer Order"). This action was transferred to this District on July 29, 2013. Dkt. No. 18.

## II. Post-Transfer Events

After this action was transferred from the Southern District to the Northern District, Plaintiff filed a motion for reconsideration of the Southern District Transfer Order in this District. Dkt. No. 20. However, simultaneously, Plaintiff also appealed the Southern District Transfer Order to the Second Circuit Court of Appeals. Dkt. No. 21. By Mandate issued on January 10, 2014, the Second Circuit dismissed Plaintiff's appeal of the Southern District Transfer Order, stating that "it lack[ed] jurisdiction over th[e] appeal because a final order has not been issued by the district court as contemplated by 28 U.S.C. § 1291." Dkt. No. 32. While his appeal was pending, Plaintiff also filed an amended complaint. Dkt. No. 26. The amended complaint is virtually identical to the original complaint, which had survived *sua sponte* review in the Southern District, except that the amended complaint identifies by name the three "Doe" Defendants included in the original complaint. *Compare* Dkt. No. 3 *with* Dkt. No. 26.

Currently pending before the Court are Plaintiff's motion for reconsideration (Dkt. No. 20) of the Southern District Transfer Order, amended complaint (Dkt. No. 26), motion for preliminary injunctive relief (Dkt. No. 27); supplemental motion for reconsideration of the Southern District Transfer Order (Dkt. No. 30); and motion to amend (Dkt. No. 37).

3

### III. DISCUSSION

**A.     Motion and Supplemental Motion for Reconsideration**

Before addressing the merits of Plaintiff's motion, the Court considers it appropriate to note that the motion is properly before this Court, notwithstanding the fact that the underlying decision was not issued by the undersigned.  As aptly explained by the United States Court of Appeals for the Seventh Circuit:

> The authority of a district judge to reconsider a previous ruling in the same litigation, whether a ruling made by him or by a district judge previously presiding in the case, including (because the case has been transferred) a judge of a different court, is governed by the doctrine of the law of the case, which authorizes such reconsideration if there is a compelling reason, such as a change in, or clarification of, law that makes clear that the earlier ruling was erroneous.  *Agostini v. Felton,* 521 U.S. 203, 236, 117 S. Ct. 1997, 138 L. Ed. 2d 391 (1997); *Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 816-17, 108 S. Ct. 2166, 100 L. Ed. 2d 811 (1988); *Brengettcy v. Horton*, 423 F.3d 674, 680 (7th Cir. 2005); *Williams v. Commissioner,* 1 F.3d 502, 503 (7th Cir. 1993); *McMasters v. United States,* 260 F.3d 814, 818 (7th Cir. 2001). Not to reconsider in such circumstances would condemn the parties to the unedifying prospect of continued litigation when they knew that a possibly critical ruling was in error and, unless it became moot in the course of the proceedings, would compel a reversal of the final judgment at the end of the case.

*Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006) (Posner, J.).  Accordingly, this Court will address the merits of Plaintiff's motion (Dkt. No. 20) and supplemental motion (Dkt. No. 30) for reconsideration of the Southern District Transfer Order.

A court may justifiably reconsider a previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice.  *See Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.Y.N.D. 1995) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d

Cir.), *cert. denied*, 464 U.S. 864 (1983)).  The standard for granting a motion for reconsideration is strict.  *See Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided."  *Id.*  Furthermore, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'"  *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

In support of his motion, Plaintiff claims that the Southern District Transfer Order "erred as a matter of law in determining that venue was improper in the Southern District."[1]  Dkt. No. 20 at 1.  Plaintiff alleges that the Southern District Transfer Order, which directed transfer of this entire action to the Northern District, should be reconsidered for the following reasons: (1) the action should not have been transferred to the Northern District because "most of the present defendants" and witnesses reside in Dutchess County, which is in the Southern District, *id*. at 1, *see also id*. at 19 (alleging that all but one or two of Plaintiff's thirty or more witnesses reside in Dutchess County, in the Southern District); (2) Plaintiff's "choice of forum" was the Southern District, *id*. at 1; and (3) "most of the events in this suit took place at Green Haven C.F. [Dutchess County], from 2006 through 2011," *id*. at 18.  Plaintiff further asserts that his "choice of forum is entitled to considerable respect" and "should not be disturbed" when the transfer, as here, is based upon the "convenience of the parties and witnesses, in the interest of justice."  *Id*. at 22.

Insofar as the Southern District Transfer Order concluded that Plaintiff filed this case "in the wrong district," *see* Dkt. No. 14 at 1, that Order was in error.  Indeed, as the Southern District noted

---

[1] In support of his motion for reconsideration, Plaintiff attaches a copy of the August 29, 2013 Order to Show Cause issued by the Southern District, which noted that part of the action arose in the Southern District and part in the Northern District.  Dkt. No. 20 at 26-27.

earlier in the June 28, 2012 Order to Show Cause, Plaintiff could have brought the case in either the Southern District or the Northern District. *See* Dkt. No. 12 at 1-2. Thus, although granting reconsideration is appropriate, in the interest of justice, rather than re-transferring this entire action to the Southern District, the better course of action would be to sever and return to the Southern District only those claims that arose out of Green Haven C.F., and retain here the rest of the claims that arose in the Northern District. Indeed, this course of action is consistent with what was alluded to in the June 28, 2013 Southern District Order to Show Cause. *See* Dkt. No. 12. Additionally, Plaintiff himself has filed a supplemental submission requesting, at a minimum, that the Northern District return to the Southern District the portion of this case addressing "the events that took place[ ] at Green Haven Correctional Facility, which lie[s] in the Southern District, and retain part of the case for the incident that took place[ ] at Shawangunk, C.F., Upstate C.F., and Clinton C.F., which lie with the Northern District of New York."[2] Dkt. No. 30 at 1-2. Thus, Plaintiff essentially consents to severing his Southern District claims, returning those claims to the Southern District, and retaining his Northern District claims here.[3] Dkt. No. 30 at 1-2.

In light of the foregoing, and recognizing that Plaintiff's choice of forum is entitled to great

---

[2] Plaintiff asserts that severing the Southern District claims from this action and transferring them back to the Southern District, while retaining the Northern District claims here, would assist in moving this case forward, and would serve the interest of justice. Dkt. No. 30 at 1-2.

[3] Rule 21 of the Federal Rules of Civil Procedure permits the Court to sever any claim against a party and proceed with that claim separately. Fed. R. Civ. P. 21; *see also Cain v. New York State Bd. of Elections*, 630 F. Supp. 221, 225-26 (E.D.N.Y. 1986) ("A claim may be severed based upon lack of a significant relationship between defendants or solely for the purpose of facilitating transfer. Where the administration of justice would be materially advanced by severance and transfer, a court may properly sever the claims against one or more defendants for the purpose of permitting the transfer of the action against other defendants."). In this case, the Court has considered the relevant factors and concludes that severing the Southern District claims from the Northern District claims is appropriate.

deference, *see Gross v. British Broad. Corp.*, 386 F.3d 224, 230 (2d Cir. 2004) (holding that the plaintiff's choice of forum is "presumptively entitled to substantial deference."); *accord Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 101 (2d Cir. 2000) ("[P]laintiff's choice of forum is entitled to substantial deference and should only be disturbed if the factors favoring the alternative forum are compelling."), this Court grants, in part, Plaintiff's motion for reconsideration (Dkt. No. 20), and supplemental motion for reconsideration (Dkt. No. 30), as follows. Pursuant to Fed. R. Civ. P. 21 and 28 U.S.C. § 1404(a), the claims that arose at Green Haven C.F., in the Southern District, along with the Defendants associated with those claims, are severed from this action and transferred to the Southern District. In the interest of justice, this District will retain jurisdiction over the claims arising out of Shawangunk C.F., Upstate C.F., and Clinton C.F., as well as all Defendants associated with those claims.[4]

## B.    Amended Complaint

Plaintiff's original complaint included three "Doe" Defendants. *See* Dkt. No. 3 at 1, 4. While this action was pending in the Southern District, District Judge McMahon concluded that the complaint survived *sua sponte* review pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); directed that summonses issue and the complaint be served; and directed Plaintiff to identify the three "Doe" Defendants by name and amend his complaint accordingly to include them. Dkt. No. 13. Plaintiff has filed an amended complaint identifying the three "Doe" Defendants. Dkt. No. 26. As noted above, the

---

[4] Plaintiff's choice of forum (*i.e.* the Southern District) is less compelling with respect to his Northern District claims, and indeed, Plaintiff has suggested and consented to those claims remaining here. *See* Dkt. No. 30 at 1-2.

amended complaint is otherwise virtually identical to the original complaint.[5]  *Compare* Dkt. No. 3 *with* Dkt. No. 26.  Thus, the amended complaint is accepted for filing and will be considered the operative pleading.

**C.     Service Issues**

Plaintiff was granted *in forma pauperis* status by the Southern District, *see* Dkt. No. 7, and summonses were ordered issued for service by the U.S. Marshal, *see* Dkt. No. 13.  However, it appears that no service has been effectuated.  Accordingly, the Clerk of this District is directed to issue summonses for service of the amended complaint upon Defendants remaining in the Northern District action.  Any direction for service of process upon the Southern District Defendants will be left to the discretion of the Southern District upon return of the Southern District claims to that District.

**D.     Motion for Preliminary Injunctive Relief**

Preliminary injunctive relief "'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'"  *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).  The standard a court must utilize in considering whether to grant a request for injunctive relief is well-settled in this Circuit.  *See Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35, 38 (2d Cir. 2010).  To prevail on a motion for

---

[5] Aside from naming the three John Doe Defendants, Plaintiff indicates that he has inserted an additional basis for the jurisdiction of the United States District Court.  *See* Dkt. No. 26-1 (noting that the amended complaint adds 28 U.S.C. § 1392(a) to the section of his pleading entitled "Jurisdiction and Venue").

preliminary injunctive relief, a plaintiff must demonstrate irreparable harm and either a substantial likelihood of success on the merits of the claim, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. *See id.* at 35; *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 405-06 (2d Cir. 2011). However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher. *Id.; see Jolly v. Coughlin,* 76 F.3d 468, 473 (2d Cir. 1996). Thus, a mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Citigroup Global Mkts.*, 598 F.3d at 35 n.4 (internal quotation marks omitted).[6] The same standards used to review a request for a preliminary injunction govern consideration of an application for a temporary restraining order. See *Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992); *see also Perri v. Bloomberg*, No. 06-CV-403, 2008 WL 2944642, *2 (E.D.N.Y. July 31, 2008).

By his motion for injunctive relief, Plaintiff seeks preliminary and/or permanent injunctive relief in the form of a Court Order directing Defendants to transfer Plaintiff to Federal custody, or to the custody of another state. Dkt. No. 27 at 1-2. Plaintiff claims that "his life is not safe" in the custody of DOCCS. *Id.* at 40. In addition, Plaintiff requests a temporary restraining order, to be put in place pending his requested transfer out of DOCCS custody, directing that: (1) Plaintiff be provided

---

[6] Under the Prison Litigation Reform Act, preliminary injunctive relief in any civil action with respect to prison conditions must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct that harm. *See* 18 U.S.C. § 3626(a)(2). In considering an application for prospective relief, the Court is required to give substantial weight to any adverse impact such relief may have on public safety or on the operation of the criminal justice system. *See* 18 U.S.C. § 3626(a)(1)(A).

with reasonable accommodations for his physical disabilities, including but not limited to a shower chair, handrails and guard rails in the shower, use his cane in the shower and his knee brace in his cell, special headphones, a visual smoke detector, and shake awake alarm (or in lieu thereof, to be transferred to a facility that can provide reasonable accommodations and medical treatment), *id*. at 2; (2) Plaintiff receive adequate mental health treatment, *id*. at 3; (3) Defendants be restrained from housing Plaintiff, and other inmates with "mobility impairments" in any cell "with 'Architectural Bar[r]ie[r]s' that restrict mobility," *id*. at 4; and (4) Defendants provide Plaintiff with protection from future harm by requiring that Plaintiff be under constant video surveillance, whether by fixed cameras or by way of a hand-held video camera, and that all such video-tapes be preserved, *id*. at 5.

Insofar as Plaintiff seeks transfer to the custody of the Federal Bureau of Prisons or to another state, the Court finds that there is no basis upon which this Court may properly grant this request. First, Plaintiff's desire to be confined to the custody of another agency is not sufficient to warrant the requested judicial relief. Indeed, insofar as he seeks transfer to Federal custody, such relief is inappropriate because the court lacks the authority to order the placement of a state prisoner into the custody of a federal agency. *See, e.g., Fisher v. Goord*, 981 F. Supp. 140, 176 (W.D.N.Y. 1997) ("Such an order [transferring custody from the state to a federal agency] would be tantamount to a transfer of custody and beyond the jurisdiction of the federal court") (citing *United States v. Warren*, 610 F.2d 680, 684-85 (9th Cir. 1980)). Second, it is DOCCS, and not this Court, that determines where Plaintiff will be housed during his period of incarceration. *See Meachum v. Fano*, 427 U.S. 215, 229 (1976) (stating that "[t]he federal courts do not sit to supervise state prisons, the administration of which is [of] acute interest to the States" (citations omitted)); *see also Olim v. Wakinekona*, 461 U.S. 238, 248-49 (1983) (stating that inmates have no right to be confined in a particular state or particular

prison within a given state); *Montayne v. Haymes*, 427 U.S. 236, 243 (1976) (holding that New York state prisoners have no right to incarceration at a particular prison facility). It is well-established that DOCCS has "broad leeway in deciding where to house the inmates under its protective care, be it state or county jail." *McFadden v. Solfaro*, Nos. 95 Civ. 1148, 95 Civ. 3790, 1998 WL 199923, *10 (S.D.N.Y. Apr. 23, 1998).

Turning to the remainder of Plaintiff's requests for injunctive relief, Plaintiff seeks to change the status quo by requiring that he be provided with specific reasonable accommodations for his physical disabilities and housed in a particular type of cell block, that all of his out-of-cell movements be video-taped, and that he receive additional mental health treatment. Dkt. No. 27 at 1-5. Accordingly, the motion may be properly characterized as one seeking mandatory injunctive relief. As such, Plaintiff must meet a higher standard of proof; he must make a "clear showing" that he is entitled to the relief requested, or that "extreme or very serious damage will result from a denial of preliminary relief." *See Citigroup Global Mkts.*, 598 F.3d at 35 n.4.

Plaintiff has not provided specific facts or evidence that clearly or substantially demonstrate his entitlement to the relief that he requests. Indeed, even if addressing Plaintiff's motion under the lesser standard required for prohibitory injunctive relief,[7] Plaintiff has failed to substantiate his allegations of irreparable harm with evidence in admissible form or to demonstrate, with evidence, a likelihood of success on the merits of his underlying claims, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. *See Ivy Mar Co. v. C.R. Seasons Ltd.,* 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance

---

[7] A "prohibitory" injunction seeks only to maintain the status quo. *Tom Doherty Assocs., Inc. v. Saban Entm't, Inc.*, 60 F.3d 27, 34 (2d Cir. 1995)).

11

a preliminary injunction"); *Hancock v. Essential Res., Inc.,* 792 F. Supp. 924, 928 (S.D.N.Y. 1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals").[8] Indeed, Plaintiff's motion for preliminary injunctive relief is largely a re-iteration of the allegations set forth in his amended complaint. *Compare* Dkt. No. 26 *with* Dkt. No. 27.

In light of the foregoing, Plaintiff's motion for preliminary and/or permanent injunctive relief is denied.

**E.     Motion to Amend**

Plaintiff seeks leave to amend his amended complaint to "remov[e] [the] twenty 20 defendants and acts related to the Southern District of New York" so that he can "re-file [that part of] the law suit in the Southern District against the twenty 20 defendants that are located in the Southern District of New York." Dkt. No. 37 at 2. In the alternative, Plaintiff states that, "[i]f this Court want[s] to transfer [the] part of the suit against the 20 [Southern District] defendants" to the Southern District, he would "agree with [that] decision." *Id.* at 1. Because the Court has already severed the Southern District claims and Defendants from this action, and directed that those claims and Defendants be returned to the Southern District, *see* Part III.A., *supra*, Plaintiff's motion to amend (Dkt. No. 37) is denied as moot.

---

[8] Insofar as Plaintiff speculates that he may be harmed in the future because of past incidents of excessive force by DOCCS staff, speculative, remote or future injury is not the province of injunctive relief. *Los Angeles v. Lyons*, 461 U.S. 95, 111-12 (1983); *see also Hooks v. Howard*, No. 9:07-CV-0724 (RFT), 2008 WL 2705371, *2 (N.D.N.Y. July 3, 2008) ("Irreparable harm must be shown to be imminent, not remote or speculative. . . .").

## IV. CONCLUSION

Wherefore, the Court hereby

**ORDERS** that Plaintiff's motion for reconsideration (Dkt. No. 20) and supplemental motion (Dkt. No. 30) are **GRANTED in part** as outlined herein above; and the Court further

**ORDERS** that, pursuant to Fed. R. Civ. P. 21 and 28 U.S.C. § 1404(a), the following are severed and transferred to the Southern District of New York: (1) all claims against Defendants Tracy K. Alexander, Lori Badger, Jason C. Brothers, Edward Burnett, Anthony M. Cefaloni, John L. Conforti, Ronald Corbin, Matthew L. Filipponi, John E. Henschel, Raymond Koskowski, William A. Lee, Jeffrey W. Macisaac, Thomas D. Melville, Stephanie Mrysglod, Michael F. Mryzglod, Kevin O'Connor, Sonya Rojas, Keith Schmitt, Brenda L. Surber, and Jeffrey M. Tokarz and (2) any claim against Defendant Richard Roy arising out of events at Green Haven Correctional Facility;[9] and the Court further

**ORDERS** that the Clerk of this Court advise the Clerk of the Southern District of New York of the entry of this Decision and Order and provide all information necessary for the Clerk of the Southern District to electronically access the documents filed in this action; and the Court further

**ORDERS** that the Clerk shall remove the following Defendants from the Northern District of New York docket: Tracy K. Alexander, Lori Badger, Jason C. Brothers, Edward Burnett, Anthony M. Cefaloni, John L. Conforti, Ronald Corbin, Matthew L. Filipponi, John E. Henschel, Raymond Koskowski, William A. Lee, Jeffrey W. Macisaac, Thomas D. Melville, Stephanie Mrysglod, Michael

---

[9] Since Plaintiff's pleading includes allegations against Defendant Richard Roy relating to plaintiff's confinement at Green Haven C.F., as well as separate allegations relating to Plaintiff's confinement at Upstate C.F., at this early stage of the litigation, Richard Roy will, remain a Defendant in both the severed Southern District action and this Northern District action.

F. Mryzglod, Kevin O'Connor, Sonya Rojas, Keith Schmitt, Brenda L. Surber, and Jeffrey M. Tokarz;[10] and the Court further

**ORDERS** that Plaintiff's amended complaint (Dkt. No. 26) is accepted for filing, and is considered the operative pleading; and the Court further

**ORDERS** that the Clerk is directed to substitute (1) William Chase in place of John Doe # 1; (2) J. Monacelli in place of John Doe # 2; and (3) Rosanna Lordi in place of Jane Doe # 3; and the Court further

**ORDERS** that the Clerk of this Court shall issue summonses and forward them, along with copies of the amended complaint, to the United States Marshal for service upon the Northern District of New York Defendants over which this Court has retained jurisdiction, namely: Brian Fischer, Karen Bellamy, Richard Roy, Cho Gutwein, S. Beudette, T. Broussean, S. Brown, John Cross, R. Lee, Andrew Bouchey, William Chase, Daniel R. King, Ronald Larocque, Rosanna Lordi, J. Monacelli, Donnie C. Riley, and Streeter.  The Clerk shall forward a copy of the summons and amended complaint to the Office of the New York State Attorney General, together with a copy of this Decision and Order; and the Court further

**ORDERS** that a response to the claims that have not been returned to the Southern District of New York be filed by Defendants Brian Fischer, Karen Bellamy, Richard Roy, Cho Gutwein, S. Beudette, T. Broussean, S. Brown, John Cross, R. Lee, Andrew Bouchey, William Chase, Daniel R. King, Ronald Larocque, Rosanna Lordi, J. Monacelli, Donnie C. Riley, and Streeter, or their counsel, as provided for in the Federal Rules of Civil Procedure; and the Court further

---

[10] Claims against these Defendants have not been dismissed; they have only been returned to the Southern District of New York.

     **ORDERS** that Plaintiff's motion for preliminary injunctive relief (Dkt. No. 27) is **DENIED**; and the Court further

     **ORDERS** that Plaintiff's motion to amend (Dkt. No. 37) is **DENIED as moot**; and the Court further

     **ORDERS** that all pleadings, motions, and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel. Any document received by the Clerk or the Court which does not include a proper certificate of service will be stricken from the docket.** Plaintiff must comply with all requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so will result in the dismissal of this action**; and the Court further

     **ORDERS** that the Clerk shall serve a copy of this Decision and Order on Plaintiff.

**IT IS SO ORDERED.**

Dated: March 31, 2014
       Albany, New York

_Mae A. D'Agostino_
U.S. District Judge